# EXHIBIT A

26556260.1

**SUMMONS - CIVIL**
JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street; Hartford, CT 06106 | (860) 548-2700 | October 25, 2016 |

| ☒ Judicial District ☐ Housing Session | ☐ G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) Hartford | Case type code (See list on page 2) Major: M   Minor: 90 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Sabatini and Associates, LLC; One Market Square; Newington, CT 06111 | 052654 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| (860) 667-0839 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.    ☒ Yes   ☐ No

Email address for delivery of papers under Section 10-13 (if agreed to): jsabatini@sabatinilaw.com

Number of Plaintiffs: 1    Number of Defendants: 1    ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: HERNANDEZ-PAREDES, Reynaldo<br>Address: 55 Gaylord Street; Apartment 206; Bristol, CT 06010 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: DI-COR INDUSTRIES, INC.<br>Address: 139 Center Street; Bristol, CT 06010 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

**Notice to Each Defendant**

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left James V. Sabatini, Esquire | Date signed 9-30-16 |

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |

(Page 1 of 2)

**RETURN DATE: October 25, 2016**

| | | |
|---|---|---|
| **REYNALDO HERNANDEZ-PAREDES** | : | **SUPERIOR COURT** |
| **VS.** | : | **HARTFORD JUDICIAL DISTRICT** |
| **DI-COR INDUSTRIES, INC.** | : | **SEPTEMBER 29, 2016** |

## COMPLAINT

1. Plaintiff Reynaldo Hernandez-Paredes was and is a citizen of the State of Connecticut residing in the City of Bristol.

2. Defendant Di-Cor Industries, Inc. was and is a corporation organized and existing under the laws of the State of Connecticut with a principal place of business located at 139 Center Street, Bristol, Connecticut 06010.

3. Defendant employs plaintiff.

4. Plaintiff works for defendant as a laborer and pipe cutter.

5. Defendant hired plaintiff on or about September 8, 2013.

6. Plaintiff regularly worked more than forty (40) hours per week.

7. In November 2014, defendant was paying plaintiff an hourly wage of $9.00.

8. For the week of November 23, 2014 through November 30, 2014, plaintiff worked 52.50 hours.

9. During this week of November 23 through the 30th, defendant paid plaintiff $472.50 gross (or 52.50 hours times $9.00 per hour).

10. For the week of December 7 through December 14, 2014, plaintiff worked 56.50 hours.

11. For this week of December 7 through December 14, defendant paid plaintiff $508.50.

1

12. Defendant has not paid the plaintiff overtime premium pay.

13. Plaintiff's primary duties were not management.

14. Defendant failed to properly keep and maintain wage and hour records.

15. Defendant's conduct in refusing to pay overtime wages to the plaintiff, was willful, unreasonable, arbitrary and in bad faith.

16. Defendant had no good faith basis to deny plaintiff overtime premium pay.

17. On or about January 22, 2015, plaintiff sustained a serious work-related injury.

18. As a result of the work-related injury, plaintiff went out on a workers' compensation leave of absence.

19. Plaintiff's compensation rate for his weekly wage loss benefits under Connecticut's Workers' Compensation Act has and continues to be improperly lower as a result of defendant's failure to pay plaintiff premium overtime pay.

## COUNT ONE
### (Violations of Connecticut Wage and Hour Law – C.G.S. Section 31-68)

1. Plaintiff re-alleges and incorporates be reference paragraphs 1-19.

20. Plaintiff brings this claim under §31-68 of Connecticut's Wage and Hour Law, C.G.S. - §31-58 *et seq.*

21. At all times material, defendant has been an "employer" within the meaning of C.G.S. §§ 31-58(e) and 31-71a(1).

22. At all times material, defendant employed plaintiff within the meaning of C.G.S. § 31-58(h).

23. At all times material, plaintiff was an employee of the defendant within the meaning of §§ 31-58(e) and 31-71a(2).

2

24. Defendant's conduct in failing to plaintiff one and one-half times her hourly rate of pay for all hours over 40 per week violates the Connecticut Minimum Wage Act, C.G.S. §§ 31-76b and 31-76c.

25. Defendant's conduct was arbitrary, unreasonable or in bad faith and therefore entitles plaintiff to an award in the amount of overtime wages due, plus an amount of liquidated damages equivalent to the amount of overtime wages due with costs and such reasonable attorneys' fees as may be allowed by the court.

26. Defendant had no good faith basis to deny plaintiff overtime pay.

27. As a direct and proximate result of defendant's acts and/or omissions, plaintiff has suffered damages.

## COUNT TWO
### (Violations of Connecticut Wage and Hour Law – C.G.S. Section 31-72)

1. Plaintiff re-alleges and incorporates be reference paragraphs 1-27.

28. Plaintiff brings this claim under §31-72 of Connecticut's Wage and Hour Law – C.G.S. §31-58.

29. At all times material, defendant has been an "employer" within the meaning of C.G.S. §§ 31-58(e) and 31-71a(1).

30. At all times material, defendant employed plaintiff within the meaning of C.G.S. § 31-58(h).

31. At all times material, plaintiff was an employee of the defendant within the meaning of §§ 31-58(e) and 31-71a(2).

32. Plaintiff regularly worked more than forty (40) hours per week.

33. Defendant has not paid the plaintiff in Connecticut overtime premium pay.

34. Plaintiff's primary duties were not management.

3

35. Defendant failed to properly keep and maintain wage and hour records.

36. Defendant's conduct in refusing to pay overtime wages to the plaintiff, was willful, unreasonable, arbitrary and in bad faith.

37. Defendant had no good faith basis to not pay plaintiff overtime premium pay.

38. Defendant's conduct in failing to plaintiff one and one-half times his hourly rate of pay for all hours over 40 per week violates the Connecticut Minimum Wage Act, C.G.S. §§ 31-76b and 31-76c.

39. Defendant's conduct was arbitrary, unreasonable or in bad faith and therefore entitles plaintiff to an award in the amount of overtime wages due, plus an amount of liquidated damages equivalent to the amount of overtime wages due with costs and such reasonable attorneys' fees as may be allowed by the court.

40. As a direct and proximate result of defendant's acts and/or omissions, plaintiff has suffered damages.

## COUNT THREE
### (Failure to Pay Overtime in Violation of the FAIR LABOR STANDARD ACTS (FLSA))

1. Plaintiff re-alleges and incorporates by reference Paragraphs 1-40 of the Fourth Count as if fully rewritten herein.

41. At all relevant times, defendant had annual gross revenues in excess of $500,000.

42. At all relevant times, defendant was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C.S. §§ 206(a) and 207(a).

43. At all times material to this action, defendant was subject to the FLSA and was an "employer" of the plaintiff as defined by § 203(b) of the FLSA.

4

44.     Defendant failed to compensate plaintiff at a rate of one and one half times his normal hourly rate(s) for all hours worked in a workweek, in violation of the FLSA.

45.     Defendant had no good faith basis for believing that its pay practices as alleged above were in compliance with the law.

46.     The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

47.     As a result of the violations by the defendant of the FLSA, plaintiff is entitled to all damages available under the FLSA including all unpaid overtime, liquidated damages, attorneys' fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages, consequential damages, reasonable attorneys' fees, costs, interest, job reinstatement, unpaid overtime wages under the Connecticut Minimum Wage Act, C.G.S. Section 31-68, penalty damages under the Connecticut Minimum Wage Act, C.G.S. Section 31-68, attorneys' fees under the Connecticut Minimum Wage Act, C.G.S. Section 31-68, attorneys' fees under C.G.S. §31-72, injunctive relief in the form of a court order directing the defendant comply with the Connecticut Minimum Wage Act, damages under the FLSA, 29 U.S.C. § 215(a)(3); 29 U.S.C. § 216(b), for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file, and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 29th day of September 2016.

James Sabatini, Esq.
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
Juris No. 052654

Please file our appearance
on behalf of the Plaintiff

James Sabatini

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than $15,000.00

exclusive of attorneys and costs.

7

STATE OF CONNECTICUT )
                             ) ss. Bristol            October 4, 2016
COUNTY OF HARTFORD )

    Then and there by virtue hereof, on October 4, 2016, in the town of Bristol, County of Hartford, I left with and in the hands of Hector Gonzalez, Supervisor and the person in charge of DI-COR INDUSTRIES, INC., the within named defendant, 139 Center Street, Bristol, CT, a true and attested verified copy of the original Writ, Summons, Complaint, Prayer for Relief and Statement of Amount in Demand with my endorsement thereon.

    The within and foregoing is the original Writ, Summons, Complaint, Prayer for Relief, Statement of Amount in Demand with my doings hereon endorsed.

                                                                              ATTEST

                                                                    Alan F. Zaniewski
                                                                    State Marshal
                                                                    Hartford County

Fees:

| | | |
|---|---|---|
| Pages | $ | 8.00 |
| Ends. | | 2.00 |
| Service | | 40.00 |
| Travel | | 15.00 |
| Total | $ | 65.00 |